IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SARALAND HOSPITALITY, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 24-0235-MU |
| ) | |
| UNITED STATES SMALL BUSINESS ) | |
| ADMINISTRATION*, et al.,* ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the motion to stay, transfer, or for an extension filed by the United States of America on behalf of its agency, the United States Small Business Administration (SBA), SBA Administrator Isabella Casillas Guzman, in her official capacity, the Secretary of the U.S. Department of Treasury Janet Yellen, in her official capacity, the United States Department of Justice (DOJ), and Attorney General Merrick Garland (collectively the "Federal Defendants"), pursuant to the First Filed Rule and 28 U.S.C. § 1404(a). (Doc. 11). For the reasons set forth below, the Federal Defendants' motion to transfer this action to the Southern District of Mississippi is hereby **GRANTED**.

### I. FACTUAL BACKGROUND

On July 12, 2024, Plaintiffs Saraland Hospitality, LLC., Saraland Hotels, LLC, and Mobile, LLC filed a Complaint for Declaratory Judgment and Mandamus Relief against the Federal Defendants in this Court. (Doc. 1). According to the disclosure statement filed by these entities, all three have the same two members, John Tampa and Yagnesh Patel, and the same principal place of business, Buford, Georgia. (Doc.

7). Plaintiffs own and operate several hotels in this District. (Doc. 1, PageID. 2-3). In their complaint, Plaintiffs request that the Court enter a declaratory judgment finding that they did not commit Paycheck Protection Program ("PPP") fraud and that the Court grant mandamus relief finding that Plaintiffs Saraland Hospitality, LLC and Mobile, LLC are eligible for second draw PPP loan forgiveness. (Doc. 1, PageID. 1-2, 28-30).

There are six almost identical complaints pending before six other federal district courts that were filed over a five-day period by other plaintiff entities who have the same two members and the same principal place of business: 1) *Classic Hotels, LLC v. United States Small Business Administration, et al.,* No. CV 1:24-213-TBM-RPM (S.D. Miss. July 10, 2024); 2) *Columbus Hotels, LLC v. United States Small Business Administration, et al.,* No. CV 1:24-127-SA-DAS (N.D. Miss. July 10, 2024); 3) *Fairburn Hospitality, et al., v. United States Small Business Administration, et al.,* No. CV 1:24-03081-LMM (N.D. Ga. July 11, 2024); 4) *Chattanoogan, LLC v. United States Small Business Administration, et al.,* No. CV 1:24-233-CLC-SKL (E.D. Tn. July 11, 2024); 5) *Dothan Hospitality, LLC, et al., v. United States Small Business Administration, et al.,* No. CV 1:24-408-SMD (M.D. Ala. July 12, 2024); 6) *Birmingham HP HH, LLC, et al., v. United States Small Business Administration, et al.,* No. CV 1:24-945-SGC (N.D. Ala. July 15, 2024).

Each of the plaintiffs in this action, as well as those in the other six actions, used Citizens National Bank of Meridian to obtain their PPP loans. (Doc. 1, PageID. 12-28; *see* Doc. 1 in each of the listed actions). Plaintiffs requested forgiveness of their PPP loans. (*Id.*). Plaintiffs allege that the DOJ has been investigating them and that

Defendants intend to file a civil enforcement action based on alleged violations of the False Claims Act. (*Id.,* PageID. 28).

## II. STANDARD OF REVIEW

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "The Supreme Court has explained that '[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Southern Mills, Inc. v. Nunes*, 586 F. App'x 702, 705 (11th Cir. 2014) (alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). When considering whether to transfer a case to another venue, the court should consider several equitable factors, including (1) "the convenience of the witnesses;" (2) "the location of relevant documents and the relative ease of access to sources of proof;" (3) "the convenience of the parties;" (4) "the locus of operative facts;" (5) "the availability of process to compel the attendance of unwilling witnesses;" (6) the relative means of the parties;" (7) a forum's familiarity with the governing law;" (8) the weight accorded to a plaintiff's choice of forum;" and (9) "trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## III. LEGAL ANALYSIS

Defendants argue that this case should be transferred to the Southern District of Mississippi ("SDMS") under the First Filed Rule and § 1404(a) because the parties, claims, and defenses in this action substantially overlap with those pending in the SDMS making these proceedings parallel and transfer in the interest of justice

3

appropriate. Plaintiffs oppose this motion arguing that Defendants have failed to prove that the choice of forum selected by Plaintiffs, who are limited liability companies organized under the laws of Alabama that own and operate hotels in Alabama and employ Alabama citizens, is clearly outweighed by other considerations. Plaintiffs further submit that the Court, in equity, should not apply the First Filed Rule under the anticipatory suit exception.

When dealing with substantially similar cases filed in different "federal district courts...the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption...that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The first-filed rule provides, "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). In the Eleventh Circuit, the party objecting to jurisdiction in the first-filed forum bears the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135.

"The first-filed rule is a rule of equity...." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 80 (11th Cir. 2013). "And equitable considerations underlie any decision to find that an exception to the rule applies." *Guntersville Breathables, Inc. v. Twenty-Six Designs, LLC*, No. 4:21-CV-01543-ACA, 2022 WL 1179408, at *4 (N.D. Ala. Apr. 20, 2022) (referencing *Manuel*, 430 F.3d at 1135–36). Exceptions to the first-filed rule "are not rare, and are made when justice or expediency

requires." *1818 Farms, LLC v. Plum Island Soap Co., LLC*, No. 5:18-CV-00135-AKK, 2018 WL 3708558, at *2 (N.D. Ala. Aug. 3, 2018). "[T]he first-filed rule is not an absolute, mandatory, inflexible requirement. Rather, courts have routinely cautioned against rote, mechanical application of the first-filed rule, and instead weigh the first-filed issue in the broader context of the ends of justice." *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1244 (S.D. Ala. 2006). "Indeed, the '[m]echanical application of the [first-filed] rule could potentially conflict with the rationale underlying it.'" *1818 Farms,* at *2 (quoting *Barrington Grp., Ltd. v. Genesys Software Sys., Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003)).

"The Eleventh Circuit has held that one compelling circumstance that the court may consider [in deciding to deviate from the first-filed rule] is whether the first-filed 'action was filed in apparent anticipation of the other pending proceeding.'" *Guntersville*, at *4 (quoting *Manuel*, 430 F.3d at 1135–36)*; see also 1818 Farms*, at *2. Stated another way, the first-filed rule has an "anticipatory suit exception" which "applies when one party, on notice of a potential lawsuit," files its own suit in anticipation of the other. *Collegiate Licensing*, 713 F.3d at 79. "A suit is anticipatory within the meaning of the exception to the first-to-file rule when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent." 1 Cyc. of Federal Proc. § 2:175 (3d ed. 2023) (citing *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014)); see also *Aflac, Inc. v. SDT Air, LLC*, 978 F. Supp. 2d 1304, 1314 (M.D. Ga. 2013) ("[T]o be improperly anticipatory, the party generally needs to have been specifically threatened with legal proceedings.").

5

The "strong presumption" of the first-filed rule prevails here. First, the issues in this action and the action pending in the SDMS "involve[e] overlapping issues[.]" *Collegiate Licensing*, 713 F.3d at 78. Even though Plaintiffs contend that the issues do not overlap because the present action involves "Alabama entities" and concerns employees working and being paid in Alabama, both cases concern the receipt and forgiveness of PPP loans through Citizens National Bank of Meridian. Both Plaintiffs and the SDMS plaintiffs applied for a first draw PPP loan through Citizen National Bank of Meridian at the same time and the bank approved their loan applications and disbursed funds to them on the same dates. (Doc. 1, PageID. 12-13, 17-18, 22-23; SDMS 1:24-cv-00213, Doc. 1, pp. 12-13, 17-18, 22-23, 28-29). Moreover, the complaints in both cases are materially similar and assert the same causes of action and are being prosecuted by the same attorneys.

Second, the parties in this action overlap with the parties in the action in the SDMS. Tampa and Patel own the three Plaintiff entities suing in this action and the companies suing in the Mississippi lawsuit. Although Plaintiffs assert that Alabama law treats limited liability companies as independent entities from their members, the fact remains that the companies involved in both cases are owned by the same two members and have the same principal place of business. The Eleventh Circuit has indicated that a plaintiff cannot avoid the first-filed rule by arguing that it and its owner are "distinct parties." *See Southern Mills, Inc. v. Nunes*, 586 F. App'x 702, 706 (11th Cir. 2014). Looking to "the character of the suits and the parties to the suits," *Collegiate Licensing Co.*, 713 F.3d at 78, an argument that the plaintiffs in these actions do not overlap is simply without merit.

Nor does the "anticipatory suit" exception urged by Plaintiffs block the application of the first-filed rule in this action. The anticipatory suit exception applies where the lawsuit "was filed in apparent anticipation of the other pending proceeding." *Manuel*, 430 F.3d at 1135. "In that circumstance, the 'first-filed' court can decline to involve the first-filed rule to retain the strategically filed action." *Collegiate Licensing Co.*, 713 F.3d at 79. The exception is not absolute. "[E]ven if a court finds that a filing is anticipatory, such finding does not automatically compel abandoning the first-filed rule." *Id.*

As stated above, the members of the companies who initiated this action own the companies who initiated the action in Mississippi. The anticipatory suit exception would thus only apply here if Defendants had been put "on notice of [the] potential lawsuit" before it was filed and filed the "action in [their] home forum." *Collegiate Licensing Co.*, 713 F.3d at 79. That is not the case here where Plaintiffs chose their first forum.

In addition, the Court finds that equitable factors do not strongly weigh against transferring the case to the SDMS. For instance, Plaintiffs assert that it would be more convenient for the parties if the case remained in this district because its employees are in Alabama. (Doc. 15, PageID. 322-23). Defendants counter that other witnesses reside outside of Alabama, such as Tampa and Patel. The Court notes that presumably employees of Citizens National Bank of Meridian may also be witnesses and reside in Mississippi. Considering these facts, as well as the fact that the distance between the courthouses in the SDAL and the SDMS is a short distance (75 miles), the Court finds that this factor does not strongly weigh in favor of Plaintiffs.

Turning to "the location of relevant documents and the relative ease of access to sources of proof," *Manuel*, 430 F.3d at 1135 n. 1, Plaintiffs argue that Defendants have

7

failed to carry their burden on this factor; however, Defendants have argued that the facts show that Buford, Georgia and Meridian, Mississippi are potential sources of proof and relevant documents. The Court finds that this factor does not strongly weigh in favor of Plaintiffs.

Likewise, considering the remaining factors and keeping in mind Plaintiffs' arguments that "[t]here can be no more convenient locale or place for [the] parties than their own backyard" and that their "choice of forum should be given great deference," the Court concludes that these factors are outweighed by the "strong presumption" of the first-filed rule and the other factors supporting transfer to the SDMS. This conclusion is also bolstered by the fact that the parallel actions filed in the Northern District of Alabama and the Middle District of Alabama have been transferred to the Southern District of Mississippi. (Docs. 36-1 and 38-1).

## IV. CONCLUSION

For the reasons stated herein, the Federal Defendants' motion to transfer this case to the Southern District of Mississippi is **GRANTED**. The Clerk of Court is **DIRECTED** to transfer this action to the United States District Court for the Southern District of Mississippi.

**DONE** and **ORDERED** this the **27th** day of **February, 2025**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**